# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

SHANELLE BLEDSON,　　　　　　　　　　Case No.

　　　　　　　　　　　　　　　　　　　　Hon.

　　　Plaintiff,

v.

THE DOW CHEMICAL COMPANY,

　　　Defendant.

## COMPLAINT AND JURY DEMAND

　　　Plaintiff, by and through her attorneys, hereby demands a trial by jury on all issues so triable.

## NATURE OF THE CLAIMS

1. This is an action for racial discrimination, gender discrimination, retaliation, and hostile work environment under 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 et seq. Plaintiff seeks compensatory and exemplary damages, equitable relief, attorney fees, lost wages, and other relief due to the unlawful employment practices of Defendant, The Dow Chemical Company.

1

## PARTIES

2. Plaintiff, Shanelle Bledson, is a Michigan resident who was employed by Defendant, The Dow Chemical Company.

3. Defendant, The Dow Chemical Company, is a Delaware corporation with its principal place of business in Midland, Michigan, conducting business in the Eastern District of Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this judicial district, and Defendant conducts substantial business in this district.

## INTRODUCTION

6. Defendant Dow has a long history of harassing and discriminating against Black people and women, which has permeated for many years and has gone unchecked while its employees have suffered in silence.

7. While Dow will likely deny that it does so, it is clear that the company has a pattern and/or practice of mistreatment of Black men and women, and women generally of all races, and that Dow's agents have sought to threaten

and intimidate Dow employees who have tried to come forward, in an attempt to silence them and keep them from coming forward.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Dow from May 2009 through May 31, 2023, most recently as a logistics scheduler.

9. During her employment, Plaintiff observed and experienced racial discrimination and a hostile work environment.

10. Plaintiff was treated differently from her white colleagues; she witnessed Black employees receiving harsher treatment and discipline than their white counterparts.

11. Plaintiff's supervisor, Jessica ("Jessie") Bruske, who became her direct supervisor in late 2022 or early 2023, exhibited bias and discriminatory behavior toward Black employees.

12. Jessie directed comments at Plaintiff and her Black colleague, Latoya Baker, about where they sat during meetings, a behavior not directed at other employees.

13. Jessie publicly announced the termination of a Black employee, Mario Williams, in a manner that appeared dismissive and insensitive.

14. Plaintiff believes that Jessie's attitude toward Mario and other Black employees was rooted in racial bias, as she tolerated similar behavior from white employees without repercussions.

15. Jessie failed to address or reprimand white employees who made derogatory comments about Black people, excusing their behavior as "jokes."

16. Plaintiff experienced frequent and unnecessary criticism from Jessie, who would question her work without valid reasons and often dismiss evidence provided by Plaintiff that disproved Jessie's claims.

17. Unlike Plaintiff, Jessie did not reprimand white employees for similar or more serious errors, which demonstrated preferential treatment toward them.

18. Plaintiff reported these instances of discrimination and harassment, including filing a formal ethics complaint, which was dismissed without a thorough investigation.

19. In May 2023, Plaintiff was informed by Jessie and her supervisor, Megan Watt, that she was being laid off.

20. When Plaintiff inquired about the decision, she was given no clear explanation and was advised to consult with HR, who then referred her back to her supervisors.

21. Plaintiff believes her layoff was racially motivated, as other Black employees were also laid off, while less tenured white employees were retained.

22. Plaintiff has maintained an exemplary record throughout her employment, without any performance issues.

23. Plaintiff further requests relief and damages, as set forth herein.

## COUNT I

## RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981

24. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

25. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

26. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded her by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

27. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and

privileges of their contractual employment relationship with Defendant, in violation of 42 U.S.C. § 1981.

28. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff has experienced includes harassment and Defendant's refusal to promote her or treat her like other non-Black employees, and termination, which broke the contract between the parties.

29. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

30. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, including termination.

31. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about her future, physical and emotional distress, and loss

## COUNT II
## RETALIATION IN VIOLATION OF THE ELCRA

32. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

33. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

34. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

35. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

36. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including speaking up about racial discrimination and harassment.

37. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

38. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts, including failing to promote and eventually terminating her.

7

39. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

40. Plaintiff notified Defendant and its agents of the unwelcome conduct and communication; however, Defendant failed to remedy the same.

41. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

42. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

43. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## GENDER HARRASMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

44. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

45. At all material times, Defendant was an employer covered by, and within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA"), as amended.

46. Defendant's conduct, as alleged herein, violated ELCRA, which makes it unlawful to harass or discriminate against an employee on the basis of gender.

47. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

48. Plaintiff is a woman and a member of a protected class.

49. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

50. Male employees who worked for Defendant harassed Plaintiff, and did not treat other male employees in the same manner.

51. The communication and conduct from the employees was unwelcomed.

52. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

53. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

54. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional

distress, humiliation and embarrassment, loss of professional reputation, and was terminated.

## COUNT IV

## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

55. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

56. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

57. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate against an employee on the basis of that employee's race or skin color.

58. Plaintiff is a Black woman, and, as a result, is a member of a protected class pursuant to ELCRA.

59. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, up to and including termination.

60. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

61. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

62. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

63. Plaintiff requests relief as described in the Prayer for Relief below.

## **COUNT V**
## **HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF THE ELCRA**

64. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

65. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

66. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

67. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

68. Plaintiff's work environment, as alleged in the statement of facts made it so any individual who reported or spoke out against Defendant's discriminatory practices had an unworkable work environment.

69. Moreover, Plaintiff's continual attempts to have the situation remedied, coupled with Defendant ignoring Plaintiff's complaints made the situation untenable.

70. Additionally, Defendant treated female employees such as Plaintiff in a hostile, intimidating, and offensive way.

71. The unwelcomed conduct and communication was intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

72. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

73. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

74. Plaintiff requests relief as described in the Prayer for Relief below

## **RELIEF REQUESTED**

PLAINTIFF, SHANELLE BLEDSON, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  November 2, 2024　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　CARLA D. AIKENS, P.L.C.

　　　　　　　　　　　　　　　　　/s/ Carla D. Aikens
　　　　　　　　　　　　　　　　　Carla D. Aikens (P69530)
　　　　　　　　　　　　　　　　　Rejanaé M. Thurman (P85701)
　　　　　　　　　　　　　　　　　615 Griswold St., Ste. 709
　　　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　　　carla@aikenslawfirm.com
　　　　　　　　　　　　　　　　　rejanae@aikenslawfirm.com
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*