UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHANELLE BLEDSON,

       Plaintiff,                          Case No. 1:24-cv-12912

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge

DOW CHEMICAL COMPANY,

       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR LEAVE TO AMEND**

Soon after Defendant Dow Chemical Company filed an answer responding to Plaintiff Shanelle Bledson's race discrimination Complaint, Defendant discovered a June 2023 agreement in which, it contends, Plaintiff agreed to release all claims against it in exchange for a severance payment. Defense Counsel promptly shared this severance agreement with Plaintiff's Counsel and asked whether Plaintiff would stipulate to dismiss her Complaint. Plaintiff's Counsel did not concur. So Defendant simultaneously filed a motion for summary judgment and a motion for leave to amend its answer to add affirmative defenses of release and waiver. While Defendant's Motion for Summary Judgment remains pending, its Motion for Leave to Amend its Answer will be granted because the leave Defendant requests is not sought in bad faith nor the result of undue delay, and because the proposed amendments do not prejudice Plaintiff.

**I.**

In November 2024, Plaintiff Shanelle Bledson filed a complaint alleging that her former employer, Defendant Dow Chemical Company, discriminated and retaliated against her on the

basis of her race in violation of federal and state law. *See* ECF No. 1. Defendant filed an answer on January 3, 2025. ECF No. 8.

But, after filing its Answer, Defendant "uncovered" an agreement Plaintiff signed at the conclusion of her employment with Defendant in June 2023. ECF No. 13 at PageID.62. In exchange for a $38,555 severance payment, ECF No. 13-2 at PageID.78, Plaintiff agreed to:

> [R]elease[] and discharge[] [Defendant] from all claims . . . demands and causes of action, known or unknown, which [Plaintiff[ may have or claim to have, arising out of, or in any way relating to, [Plaintiff]'s employment or [the] termination of [Plaintiff]'s employment with [Defendant]. This includes . . . claims arising under any . . . federal, state, or local law [or] constitutional provision . . . prohibiting employment discrimination based on age, color, race, gender/sex, sexual preference/orientation, heigh, weight, marital status, national origin, mental or physical disability, religious affiliation, veteran status or any other forms of discrimination[.]

ECF No. 13-1 at PageID.71. The significance of this severance agreement begs the questions: Did Plaintiff know about the agreement when she authorized a discrimination Complaint to be filed on her behalf? And why did it take Defense Counsel—who presumably has access to his client's HR team—over three months to "uncover" this agreement?

Regardless, in light of this newly discovered release, Defense Counsel emailed Plaintiff's Counsel and asked whether Plaintiff would stipulate to dismiss all claims. See ECF No. 14-4 at PageID.130. Plaintiff's Counsel replied that Plaintiff would "not agree to dismissal nor" Defendant's requested amendment because she "ha[s] the usual contract defenses." ECF No. 14-4 at PageID.129. So Defendant simultaneously filed a motion for summary judgment, ECF No. 14, and a motion for leave to amend its answer, ECF No. 13, on February 18, 2025. While the motion for summary judgment remains pending, Defendant seeks leave to add the affirmative defenses of release and waiver to its Answer. *Id.* Defendant also attached to its Motion for Leave a copy of its proposed amended answer, which pleads these affirmative defenses. ECF No. 13-4 at PageID.97–

98; *see also* Local Rule 15.1 (requiring parties seeking leave to amend to "attach the proposed amended pleading to the motion"). Plaintiff did not file a response.

## II.

If more than 21 days have passed since service, Civil Rule 15 requires litigants to seek and obtain leave of court before amending pleadings. *See* FED. R. CIV. P. 15(a). But the Rule liberally instructs courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Leave should not be given, however, if the motion was filed after undue delay, seeks leave in bad faith, or if the amendment would prejudice the nonmovant or is otherwise futile. *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 724 F. Supp. 2d 740, 751 (E.D. Mich. 2010), *aff'd*, 483 F. App'x 85 (6th Cir. 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.

As the Federal Civil Rules envision, Defendant's requested leave to amend will be "freely give[n]." FED. R. CIV. P. 15(a)(2). No undue delay or bad faith exists. To the contrary, "[a]s soon as" it discovered Plaintiff's June 2023 release—just over one month after it filed its initial answer—Defendant notified Plaintiff's Counsel of the release and filed the instant Motion for Leave to Amend. *See* ECF No. 13 at PageID.66. Plaintiff is not prejudiced by Defendant's requested leave, largely because this case is in its infancy. Discovery does not close until October 7, 2025. ECF No. 11. Dispositive motions are not due until November 7, 2025. *Id.* And trial is not scheduled to begin until April 2026. *Id.*; *cf. Newburgh*, 724 F. Supp. at 751 (finding prejudice, in part, when leave to amend was requested "at a late stage in the litigation"). Nothing suggests Defendant's requested leave will "require [Plaintiff] to expend significant additional resources [or] delay the resolution of th[is] dispute." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 581 (6th Cir.1990). And Plaintiff has not argued that Defendant's proposed amendments would

otherwise be futile. To the contrary, Defendant has already filed a motion for summary judgment in light of Plaintiff's June 2023 release. *See* ECF No. 14.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Leave to Amend its Answer, ECF No. 13, is **GRANTED.**

Further, it is **ORDERED** that Defendant is **DIRECTED** to file its Amended Answer, ECF No. 13-4, on or before March 10, 2025.

**This is not a final order and does not close the above-captioned case.**

Dated: March 6, 2025                                                   s/Thomas L. Ludington
                                                                       THOMAS L. LUDINGTON
                                                                       United States District Judge